IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DIGITAL ALLY, INC., a Nevada corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 13-CV-2290 CM/DJW ) |
| DRAGONEYE TECHNOLOGY, LLC, a Georgia limited liability company | ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Defendant DragonEye Technology, LLC ("Defendant") hereby files its Notice of Removal of the above-captioned case to this Court and, and in support of removal, respectfully states as follows:

1. Defendant is named in civil action Case No. 13CV4121 filed in the District Court of Johnson County, Kansas, styled *Digital Ally v. DragonEye Technology, LLC_* (the "State Court Action").

2. Plaintiff Digital Ally, Inc. ("Plaintiff") is a Nevada corporation, with its primary place of business in Lenexa, Kansas.

3. Defendant DragonEye Technology, LLC is a Georgia limited liability company with its principal place of business in Norcross, Georgia.

4. The Petition in the State Court Action was filed with the Clerk of the District Court of Johnson County on or about June 5, 2013. Pursuant to 28 U.S.C. § 1446(a), copies of all the process, pleadings and orders served upon Defendant in the State Court Action are attached hereto as **Exhibit A.**

1

5. In the State Court Action, Plaintiff alleges breach of contract, declaratory Judgment to terminate the contract, tortious interference with contract and business expectancies, trademark infringement under § 32 § 43(a) and of the Lanham Act (15 U.S.C. §§ 1114 and 1125(a)), violation of the Kansas Uniform Trade Secrets Act (KSA § 60-3320), and conversion.

6. Any civil action is removable if the plaintiff could have originally brought the action in federal court. See 28 U.S.C. § 1441(a).

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between the Plaintiff and the Defendant and more than $75,000 is fairly in dispute in this lawsuit. Indeed, Plaintiff prays for an award "in an amount exceeding $100,000.00."

8. Further, This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff has brought claims under the Lanham Act, 15 U.S.C. § 1121(a), thereby raising a federal question for which this Court has original jurisdiction.

9. Defendant DragonEye Technology, LLC was served with the Summons and Petition on or about June 7, 2013. This removal is therefore timely pursuant to 28 U.S.C. § 1446(b).

10. By this Notice of Removal, Defendant does not waive any defense, jurisdictional or otherwise, which it may possess. Defendant also does not concede that Plaintiff has stated a claim against it.

WHEREFORE, in accordance with the authorities set forth above, Defendant hereby removes this action from the District Court of Johnson County, Kansas, to the United States District Court for the District of Kansas.

DATED this 17th day of June, 2013.

        Respectfully submitted,

        **MONACO, SANDERS, GOTFREDSON RACINE & BARBER, L.C.**

        /s/ *Dan C. Sanders*
        Dan C. Sanders #17468
        1411 E. 104th Street, Suite 100
        Kansas City, Missouri 64131
        (816) 523-2400
        (816) 942-0006 fax
        dsanders@kcattorneys.net

        **ATTORNEY FOR DEFENDANT DRAGONEYE TECHNOLOGY, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court to all attorneys of record and mailed to the following on the 17th day of June, 2013:

Adam J. Gasper
McDowell Rice Smith & Buchanan P.C.
605 West 47th Street, Suite 350
Kansas City MO 64112
agasper@mcdowellrice.com
Attorney for Plaintiff

        /s/ *Dan C. Sanders*
        Dan C. Sanders
        Attorney for Defendant DragonEye Technology, LLC

3