IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DIGITAL ALLY, INC.,       )
               )
           Plaintiff,     )
               )
v.                 )     Case No. 13-CV-2290 CM/TJJ
               )
DRAGONEYE TECHNOLOGY, LLC,   )
               )
           Defendant.    )

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 45) and Defendant's Motion for Leave to File Second Amended Counterclaim (ECF No. 58). Plaintiff requests leave to amend its petition to add a breach of warranty claim against Defendant. In its motion, Defendant requests leave to amend its counterclaim to add a trademark infringement claim. As explained below, both motions are granted.

**I.     Factual Background**

In this removal action, Plaintiff asserts claims for breach of contract, declaratory judgment to terminate the contract, tortious interference with contract and business expectancies, trademark infringement, violation of the Kansas Uniform Trade Secrets Act,[1] and conversion. The lawsuit arises out of certain written agreements between the parties whereby Defendant agreed to manufacture for Plaintiff a certain hand-held law enforcement laser speed measurement device to be sold by Plaintiff under the brand name "Laser Ally," as described and specified

---

[1] K.S.A. 60-3320.

under the May 1, 2010 Supply Agreement between the parties. Defendant filed counterclaims against Plaintiff for breach of contract, unjust enrichment, and action on account. It later amended its counterclaim to include claims of trademark infringement, trademark dilution, and unfair competition.

On February 24, 2014, Plaintiff filed its Motion for Leave to File Amended Complaint, seeking to add a breach of warranty claim in Count VIII.  On April 4, 2014, Defendant filed its Motion for Leave to file its Second Amended Counterclaim, seeking to add another trademark infringement claim with respect to its compliance certificate form in Count X.

## II.        Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 45)

Plaintiff requests leave to amend its petition to assert a breach of warranty claim arising out of Defendant's performance under the Supply Agreement. As part of proposed Count VIII in its First Amended Complaint, Plaintiff seeks to add allegations that Defendant expressly warranted the Laser Ally products manufactured and sold under the Supply Agreement were materially free from defects in materials and workmanship.  Plaintiff further seeks to add allegations that a substantial number of the products contained defects in materials and/or workmanship resulting in stress fractures in the plastic seams in the housing around the handle of the unit, causing the plastic to flake and the handle to crack and break.  Plaintiff also alleges breach of the express warranty that Defendant would represent to third-parties that Plaintiff's product is suitable and appropriate for use by "law enforcement officers, agencies or users" and not merely "commercial-grade."

Defendant opposes Plaintiff's motion, arguing that Plaintiff's proposed amendment is futile and premature because Plaintiff has failed to plead sufficient facts in its proposed amended complaint to establish or otherwise suggest Defendant has breached any contractual warranty

*repair* obligation owed to Plaintiff under the May 1, 2010 Supply Agreement. In the absence of any allegation by Plaintiff that Defendant breached any warranty *repair* obligation, Defendant contends that Plaintiff has failed to state a cause of action for which relief can be granted, and thus it would be futile to allow Plaintiff to amend to add its proposed breach of warranty claim.

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. It provides that the parties may amend a pleading "once as a matter of course" before trial if they do so within: (A) 21 days after serving the pleading, or (B) "if the pleading is one to which a responsive pleading is required," 21 days after service of the responsive pleading or a motion under Fed. R. Civ. P. 12(b), (e), or (f), whichever is earlier.[2]  Other amendments are allowed "only with the opposing party's written consent or the court's leave."[3]  Rule 15(a)(2) also instructs that the court "should freely give leave when justice so requires."[4]  The court's decision to grant leave to amend a complaint, after the permissive period, is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.[5]  The court may deny leave to amend upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[6]

---

[2] Fed. R. Civ. P. 15(a)(1).

[3] Fed. R. Civ. P. 15(a)(2).

[4] *Id*.; *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

[5] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

[6] *Id*. (quoting *Foman*, 371 U.S. at 182).

If a proposed amendment would not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), or fails to state a claim upon which relief may be granted, the court may deny leave to amend.[7] "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[8] A complaint or amendment thereof need only make a statement of the claim and provide some factual support to withstand dismissal.[9] It does not matter how likely or unlikely the party is to actually receive such relief, because for the purposes of dismissal all allegations are considered to be true.[10] The party opposing the amendment has the burden of showing the proposed amendment is futile.[11]

Reviewing Plaintiff's proposed First Amended Complaint under these standards, the Court finds that the proposed amendment is not futile. The Court rejects Defendant's argument that Plaintiff's proposed amendment is futile due to Plaintiff's failure to plead that Defendant disclaimed, dishonored, or otherwise breached any contractual warranty repair obligations owed to Plaintiff under the May 1, 2010 Supply Agreement.  A review of paragraph 80 of Plaintiff's proposed First Amended Complaint reveals that Plaintiff's proposed amended complaint contains allegations that Defendant breached its warranty obligations. Specifically, Plaintiff alleges that Defendant "has failed to keep and perform its own duties and obligations under the

---

[7] *Fulton v. Advantage Sales & Mktg., LLC*, No.3:11-CV-01050-MO, 2012 WL 5182805, at *2 (D. Or. Oct. 18, 2012).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 at 570 (2007)).

[9] *Twombly*, 550 U.S. at 555.

[10] *Id.* at 556.

[11] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-CV-2381-JWL-GLR, 2011 WL 3847076, at *5 (D. Kan. Aug. 29, 2011).

Supply Agreement and Amendment and is in breach of, *inter alia*, the 'Warranties' provisions thereof."[12]  This allegation, along with the language in paragraph 78 that Defendant "expressly warranted and represented to [Plaintiff] that it would repair any units that exhibited stress fractures in the plastic seams . . . .", is sufficient for the Court to find that Plaintiff has adequately pled that Defendant breached its warranty obligations, including any alleged obligation to repair defective units.  Accordingly, Defendant has not met its burden to show that Plaintiff's proposed breach of warranty claim is futile.

**III.      Defendant's Motion for Leave to File Second Amended Counterclaim (ECF No. 58)**

In its motion, Defendant requests leave to amend its counterclaim. It seeks to add another trademark infringement counterclaim with respect to its compliance certification form based upon its allegations that Plaintiff issued and provided a compliance certificate form to Plaintiff's customers that is substantially similar to the compliance certificate form previously used and provided by Defendant to Plaintiff.  It alleges that Plaintiff is unlawfully issuing this form in order to intentionally misrepresent, imply, or otherwise erroneously suggest that Defendant performs certain testing on Plaintiff's products, approves these products, and that Defendant certifies that Plaintiff's product complies with certain police standards and federal regulations. Plaintiff opposes Defendant's motion on the grounds the proposed new counterclaim is futile and in bad faith.

As the Court is granting Plaintiff's motion for leave to amend its complaint, Fed. R. Civ. P. 15(a)(3) gives Defendant an opportunity to respond to Plaintiff's amended complaint.[13]  This raises the question of whether Defendant can amend its own answer to assert new counterclaims

---

[12] *See* Pl.'s Proposed First Am. Compl., (ECF No. 45-1) ¶80.

[13] Fed. R. Civ. P. 15(a)(3).

in responding to Plaintiff's amended complaint.  In other words, may a responding defendant amend its answer to assert new counterclaims in response to the amended complaint or is leave required to do so?

Before the 2009 amendments to the Federal Rules of Civil Procedure, amendments to add omitted counterclaims were generally governed by Rule 13(f). The 2009 amendments abrogated Rule 13(f) based on the view that the rule was redundant with Rule 15(a) and now an amendment to add a counterclaim is governed by Rule 15.  Since the 2009 amendments, most federal courts have taken the "moderate" approach in deciding whether a defendant must seek leave of court to add counterclaims when responding to an amended complaint.[14]

Under the moderate approach, courts permit additional counterclaims or affirmative defenses when a plaintiff files an amended complaint that changes the theory or scope of the case.[15]  The courts adopting the moderate approach rationalize that "the requirement that an amended response reflect the change in theory or scope of the amended complaint is consistent with Rule 15's requirement that an amended pleading must 'plead in response' to the amended pleading."[16] "This breadth requirement is one of proportionality and it does not require the changes to the response to be directly tied to the changes in the amended complaint."[17] One

---

[14] *Virginia Innovation Sci., Inc. v. Samsung Elec. Co., Ltd.*, No. 2:12CV548, 2014 WL 1308699, at *5 (E.D. Va. Mar. 31, 2014);  *Woods v. Nationbuilders Ins. Servs., Inc.*, No. 11-CV-02151-CMA-KMT, 2014 WL 1213381 (D. Colo. Mar. 24, 2014); *Hydro Eng'g, Inc. v. Petter Invs., Inc.*, No. 2:11-CV-00139-RJS, 2013 WL 1194732, at *2 (D. Utah Mar. 22, 2013); *Buffalo Wild Wings, Inc. v. Buffalo Wings & Rings, LLC*, No. 09-CV-1426 (JRT/SER), 2011 WL 2261298, at *3 (D. Minn. Mar. 21, 2011), report and recommendation adopted, 2011 WL 2261284 (D. Minn. June 8, 2011).

[15] *Tralon Corp. v. Cedarapids, Inc.*, 966 F. Supp. 812, 832 (N.D. Iowa 1997) aff'd, 205 F.3d 1347 (8th Cir. 2000).

[16] *Elite Entm't, Inc. v. Khela Bros. Entm't*, 227 F.R.D. 444, 446–47 (E.D.Va. May 13, 2005).

[17] *Virginia Innovation*, 2014 WL 1308699, at *9.

criticism of the moderate approach, however, is that the court must deal with the potentially difficult determination of whether a counterclaim "responds" to the amended complaint.[18]

Recently, the District of Massachusetts, in *Bern Unlimited, Inc. v. Burton Corp.*,[19] has developed another approach, which is to "simply apply the Rule 15 standard equally to amended complaints and amended (or new) counterclaims."  According to the *Bern* court,

> [this] approach appears to require the least contortion of the language of Rule 15(a), and is the most consistent with its purpose. A new or different counterclaim asserted after an amendment of the complaint is a "pleading" governed by Rule 15(a), but does not fall into either category of 15(a)(1). It therefore must fall under Rule 15(a)(2), which states that "the court's leave" (or the opponent's consent) is required "[i]n all other cases" before amending a pleading. Fed. R. Civ. P. 15(a)(2). Using this approach also has practical benefits. It would prevent a party from asserting new counterclaims that are made in bad faith, cause undue delay or prejudice, are futile, or abuse the legal process in some other way, and also has the virtues of simplicity and ease of application.[20]

The Court here finds the approach set forth in *Bern Unlimited*—applying the Rule 15 standard equally to amended complaints and amended counterclaims—superior to the other approaches.   This approach, unlike the permissive, narrow or moderate approaches, provides for the consistent application of the Rule 15 standard for amendment of pleadings that assert "a claim for relief," such as a complaint and counterclaim.  The Court will therefore apply the *Bern Unlimited* approach to whether Defendant should be granted leave to file its Second Amended Counterclaim that adds a new counterclaim for trademark infringement.

Applying this approach, the Court considers the futility-based argument raised by Plaintiff.  Although not entirely clear, Plaintiff appears to be arguing that allowing Defendant to

---

[18] *Bern Unlimited, Inc. v. Burton Corp.*, No. 11-12278-FDS, 2014 WL 2649006, at *5 (D. Mass. June 12, 2014).

[19] 2014 WL 2649006, at *3–5.

[20] *Id.* at *5.

assert the proposed trademark infringement counterclaim would be futile because Defendant is unable to prove facts in support of the counterclaim that would entitle it to relief.  That the party asserting the claim may be unable to prove facts supporting its new claim is not a valid reason for denying Defendant leave to amend its counterclaim to add another claim for trademark infringement.  Leave should be freely granted when justice so requires, and the Court finds that is the case with regard to Defendant's proposed new counterclaim.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Leave to Amend Complaint (ECF No. 45) is granted.  Plaintiff shall electronically file its proposed First Amended Complaint within **seven (7) days** of the date of this Order.

**IT IS FURTHER ORDERED THAT** Defendant's Motion for Leave to file its Second Amended Counterclaim (ECF No. 58) granted.  Defendant shall have **fourteen (14) days** after Plaintiff files its First Amended Complaint in which to file its proposed Second Amended Counterclaim.

IT IS SO ORDERED.

Dated this 24th day of June, 2014, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U. S. Magistrate Judge