## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DIGITAL ALLY, INC.**, a Nevada Corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| **DRAGONEYE TECHNOLOGY, LLC**, a Georgia Limited Liability Company, | ) ) ) ) |
| Defendant. | ) ) |

Case No. 13-2290-CM

### MEMORANDUM AND ORDER

This case is before the court on Plaintiff Digital Ally, Inc.'s Motion to Strike the Report and Exclude the Opinions and Testimony of Defendant's Expert Witness Edgar O. Rand for Failure to Comply with Fed. R. Civ. P. 26(a)(2) (Doc. 121). Plaintiff contends that Mr. Rand's expert report is insufficient and based on financial statements that have been neither audited nor otherwise verified.

Mr. Rand is a certified public accountant. Defendant is a long-standing client of Mr. Rand's accounting firm. In his expert report, Mr. Rand opines that defendant has suffered lost profits in the amount of $419,927 as a result of plaintiff's actions. To calculate damages, Mr. Rand used defendant's internally-produced financial statements.

The court first considers whether Mr. Rand's report contains adequate information. Rule 26(a)(2)(B) requires that a written expert report contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii) the facts or data considered by the witness in forming them;
(iii) any exhibits that will be used to summarize or support them;
(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

    (v)       a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

    (vi)      a statement of the compensation to be paid for the study and testimony in the case.

Mr. Rand's report satisfies these elements.  Plaintiff's primary complaint is that the report is based on unsupportable assumptions and unverified financial information.  Neither of these arguments is sufficient to strike Mr. Rand's report for failure to comply with Rule 26(a)(2)(B).

The court next considers whether Mr. Rand is qualified to testify under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  The relevant questions are whether Mr. Rand's reasoning or methodology is scientifically valid and whether that reasoning or methodology can be applied to the facts in this case.  *Daubert*, 509 U.S. at 592.

Under *Daubert*, plaintiff questions Mr. Rand's methodology.  Plaintiff specifically argues that (1) Mr. Rand is too biased to offer a reliable opinion because he is motivated to retain his working relationship with defendant; (2) Mr. Rand did not audit defendant's financials; (3) Mr. Rand used unfounded assumptions; and (4) Mr. Rand failed to specify whether he was using a cash or accrual basis.  None of these points requires the court to exclude the testimony of Mr. Rand.  Plaintiff's arguments go more to the weight of Mr. Rand's testimony than the admissibility.  This case will be tried to the court.  At that time, the court will be able to evaluate Mr. Rand's testimony and determine the weight to give it.  The court will not exclude his testimony based on *Daubert*.

**IT IS THEREFORE ORDERED** that Plaintiff Digital Ally, Inc.'s Motion to Strike the Report and Exclude the Opinions and Testimony of Defendant's Expert Witness Edgar O. Rand for Failure to Comply with Fed. R. Civ. P. 26(a)(2) (Doc. 121) is denied.

Dated this 30th day of June, 2015, at Kansas City, Kansas.

                                                     s/ Carlos Murguia
                                                   **CARLOS MURGUIA**
                                                   **United States District Judge**