IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **DIGITAL ALLY, INC.**, a Nevada Corporation, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | Case No. 13-2290-CM |
| **DRAGONEYE TECHNOLOGY, LLC**, a Georgia Limited Liability Company, ) ) ) | |
| Defendant. ) ) | |

## MEMORANDUM AND ORDER

This case is before the court on Defendant's Motion to Strike and Exclude the Opinions and Testimony of Defendant's Expert Witness Stephen Phillips for Failure to Comply with Fed. R. Civ. P. 26(a)(2)(B) (Doc. 129). Defendant asks the court to prevent Mr. Phillips from testifying at trial because plaintiff failed to provide defendant with an expert report from Mr. Phillips.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure governs expert reports, and provides:

> Unless otherwise stipulated or ordered by the court, this [expert testimony] disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony.

Plaintiff asserts that a report was unnecessary because Mr. Phillips is neither a "retained" expert nor an "employee regularly involved in giving expert testimony." In its expert witness designation, plaintiff indicated the following about the expected testimony of Mr. Phillips:

> Mr. Phillips may provide opinion and/or expert testimony regarding the cause of defects exhibited in a substantial number of Laser Ally products manufactured and sold by DragonEye to Digital under the Supply Agreement, as set forth in Count VIII of Digital's First Amended Complaint. The defects are defects in the plastic seams in the housing and/or around the handles of a substantial number of Laser Ally units, which cause the plastic housings to flake and/or cause the unit handles to crack and/or break.

-1-

Mr. Phillips is expected to testify the defects are caused by defects in materials and/or workmanship, specifically, improper and/or inadequate plastic molding processes.

Mr. Phillips is a former employee of defendant who retired in 2013. He was on plaintiff's Board of Directors from 2012 to 2014, and now does contract work for plaintiff. Mr. Phillips became familiar with the Laser Ally Lidar gun while he worked for plaintiff.

Defendant deposed Mr. Phillips. After reviewing his deposition testimony, the court believes that Mr. Phillips is not a retained expert, one specially employed for this case, or an employee regularly involved in giving expert testimony. It appears that he has personal knowledge about the Laser Ally Lidar gun based on his observations while an employee of plaintiff and a member of the Board of Directors. He is now a consultant, but he consults on other matters—not just this one.

In addition, it is significant to the court that defendant took the deposition of Mr. Phillips. Defendant has had ample time and opportunity to prepare for Mr. Phillip's testimony. This eliminates any prejudice or surprise. And there is no suggestion that plaintiff had a bad faith basis for not providing a report or that Mr. Phillips's testimony will disrupt the trial in any way. The court has no valid basis on which to order his testimony excluded as a sanction. *See In re Indep. Serv. Orgs. Antitrust Litig.*, 85 F. Supp. 2d 1130, 1162 (D. Kan. 2000) (identifying factors for excluding evidence as a sanction for failure to disclose (citing *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

For the above reasons, the court determines that Mr. Phillips should be allowed to testify at trial. Defendant's motion is denied.

-3-

**IT IS THEREFORE ORDERED** that Defendant's Motion to Strike and Exclude the Opinions and Testimony of Defendant's Expert Witness Stephen Phillips for Failure to Comply with Fed. R. Civ. P. 26(a)(2)(B) (Doc. 129) is denied.

Dated this 30th day of June, 2015, at Kansas City, Kansas.

                                                   s/ Carlos Murguia
                                                   **CARLOS MURGUIA**
                                                   **United States District Judge**